**FILED**

JUL 1 3 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED A. SANDOVAL,<br><br>  Plaintiff,<br><br>v.<br><br>JOSEPH MCGRATH, et al.,<br><br>  Defendants. | No. C 05-0450 JSW (PR)<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT**<br><br>(Docket No. 7) |

Plaintiff, a prisoner of the State of California incarcerated at Pelican Bay State Prison, filed this civil rights complaint under 42 U.S.C. § 1983. On May 2, 2005, the Court issued an order dismissing the complaint for failure to state a claim (docket no. 5) and entered judgment dismissing the action (docket no. 6). Plaintiff has filed a motion to amend the complaint to correct any deficiencies (docket no. 7). For the reasons set forth below, Plaintiff's motion is DENIED.

A party may amend his complaint with leave of court at any time, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). After final judgment has been entered, however, the district court may consider a Rule 15 motion to amend only if the judgment is first reopened pursuant to a motion under Federal Rule of Civil Procedure 59 or 60. *See Lindauer v. Rogers*, 96 F.3d 1355, 1357 (9th Cir. 1996). Plaintiff's motion to amend is hereby construed as a motion to alter or amend the



judgment pursuant to Rule 59(e).

Judgment is not properly reopened "'absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The Court dismissed the complaint on the grounds that Plaintiff, appearing pro se, cannot represent his fellow plaintiff, Ms. Hadley, and that Plaintiff's claims do not state a claim for violation of his constitutional rights under the Due Process Clause, the First Amendment, the Equal Protection Clause, and the Eighth Amendment. May 2, 2005 Order of Dismissal (docket no. 5). In dismissing the complaint, the Court did not grant leave to amend the constitutional claims, although the complaint was dismissed without prejudice to Plaintiff raising his state law claims in state court. *Id.* at 6:22-24. In this matter, amendment of the constitutional claims would have been futile because it is not factually possible for Plaintiff to amend the complaint so as to cure the deficiencies. *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002). See also *Adam v. State of Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001).

Plaintiff has not presented new evidence or an intervening change in law to support his request to reopen the judgment and to amend his complaint. Nor does Plaintiff contend that the Court committed clear error in entering the judgment dismissing his action. Plaintiff's motion to alter or amend or reopen the judgment is DENIED. Plaintiff's motion to amend the complaint is also DENIED.

IT IS SO ORDERED.

DATED: JUL 1 3 2005

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Sandoval,

        Plaintiff,

v.

McGrath et al,

        Defendant.
_____/

Case Number: CV05-00450 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 13, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfred Sandoval
P.O. Box 7500
D61000
Crescent City, CA 95532

Dated: July 13, 2005

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk